# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JEROME A. HALE, #238007,**

    **Petitioner,**

v.                                  Case No. 2:07-CV-12397
                                        Honorable Victoria A. Roberts
                                        Magistrate Judge Paul J. Komives

**CAROL HOWES,**

    **Respondent.**
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION
## TO AMEND PETITION [Doc. #8] & GRANTING IN PART AND DENYING IN PART
## PETITIONER'S MOTION TO STRIKE ALL STATE LAW CLAIMS [Doc. #11]

### I. INTRODUCTION

Pending before the Court are the following motions: Petitioner's "Motion to Amend 28 U.S.C. Habeas Corpus Petition;" and Petitioner's "Motion to Strike all State Law Claims from Habeas Corpus Record." On June 5, 2007, Petitioner, Jerome A. Hale, filed an application for writ of habeas corpus with this Court pursuant to 28 U.S.C. §2254. Respondent filed an answer on March 4, 2008 and, to date, the Rule 5 Materials have not been filed with the Court. No responses have been filed with respect to the above referenced motions. For the reasons stated below, the Court will grant Petitioner's motion to amend and will grant in part and deny in part Petitioner's motion to strike all state law claims.

### II. DISCUSSION

#### A. Amendment of Habeas Petition

A party may amend his pleading "once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its

pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ P. 15(a)(2).

Petitioner filed his amendment motion on January 17, 2008. Respondent did not file his answer to the habeas petition until March 4, 2008. Therefore, Petitioner may amend his habeas petition as a matter of course; and it will be accepted for filing by this Court[1]. See *Id.*

### B. Striking State Law Claims

Petitioner requests that the Court strike any state claims that he raised in his habeas petition pursuant to Fed. R. Civ. P. 12(f). Specifically Petitioner requests that Arguments I, II and X be stricken from his original habeas petition. He further requests that only the state law analysis portions of Arguments III, IV and VI be stricken from the petition. Petitioner is seeking to streamline his arguments so that the Court can focus upon reviewing only those claims cognizable on habeas review. Rule 12(f) authorizes a district court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The Court has reviewed Arguments I, II, and X and agrees that the sum and substance of those issues constitute claims challenging state collateral post-conviction proceedings which are not cognizable under habeas review. See *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002); *Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir. 1986). Therefore, the Court will strike Arguments I, II, and X from

---

[1]Petitioner seeks to add the following issues for habeas review: (1) whether the trial court erred when it failed to alert defense counsel during jury deliberation when the jurors had questions and sought to review trial exhibits and testimony; (2) whether Petitioner was subjected to ineffective assistance of counsel when he failed to seek a mistrial due to the trial court's actions relative to the jury requests; and (3) whether appellate counsel was ineffective when he failed to raise tenable arguments on direct appeal relative to the trial court's failure to notify defense counsel about the jury inquires.

Petitioner's original petition and will not review those issues in this habeas corpus matter.

Relative to Arguments III, IV and VI, Petitioner only requests that portions of those claims be deleted from habeas review. The Court finds that such a dissection of those habeas issues will prove to be more of a cumbersome exercise than one of judicial efficiency. Accordingly, the Court will review Arguments III, IV and VI in their entirety and will deny habeas relief if and where appropriate as to those claims.

### IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion to Amend 28 U.S.C. Habeas Corpus Petition" [Doc. #8] is **GRANTED.** If Respondent wishes to file an answer to the amended petition, he shall do so within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and a copy of this Order on Respondent and the Attorney General by first class mail.

IT IS FURTHER ORDERED that Petitioner's "Motion to Strike all State Law Claims from Habeas Corpus Record." [Doc. #11] is **GRANTED IN PART** relative to Arguments I, II and X **AND DENIED IN PART** relative to Arguments III, IV and VI.

    S/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated: July 23, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 23, 2008.

s/Carol A. Pinegar
Deputy Clerk